# O'Brien's Estate (No. 2).

*Guardian and ward—Accounts—Surcharge.*

The appellate court will not modify a decree of the orphans' court surcharging a guardian in an amount stated, where there is no ground for certain inference that in arriving at the surcharge the court included credit items as to which no exception had been taken.

Argued April 14, 1910. Appeal, No. 40, April T., 1910, by T. J. Lawton, from decree of O. C. Allegheny Co., Feb. T., 1909, No. 31, surcharging him as guardian of the Estate of Paul O'Brien, a minor. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to account of guardian. Before HAWKINS, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was decree surcharging accountant.

*John E. McCalmont,* for appellant.

*Edward Schreiner,* for appellee.

OPINION BY RICE, P. J., July 20, 1910:

The appellant was guardian of this minor, as well as of his brother Michael, and the account was audited at the same time. The guardian charged himself with $1,545.24 and claimed credits amounting to $1,179.28, thus showing a balance due the ward of $365.96. In the first decree the court surcharged the accountant "with amount paid ward, viz. $620," added thereto the balance as shown by the account $365.96, and thereby decreed a balance due the ward of $985.96. From that balance the clerk's costs, $7.00, were deducted, thus leaving $978.96 payable to the succeeding guardian. Upon consideration of the exceptions filed by the guardian, the court by its final decree increased the allowance of credit to the accountant of $10.00 per month for maintenace of ward, viz. $242.50, deducted this from the balance shown by the first decree and thus made the true balance payable to the succeeding guardian $736.46. It is claimed that in arriving at this result the court included in the surcharge items that were not excepted to and concerning which the court declined to hear evidence. We are unable to sustain this contention. The aggregate of the items of the account for "cash advanced" was $626.10. The guardian's contention was that these payments were for maintenance of the ward. The amount of these items that were excepted to was $498.33, and the amount of those not excepted to was $127.77. The surcharge, as has been seen, was $377.50, and this was less than the aggregate of the items excepted to. There is no ground for certain inference in this case, as there was in the preceding case, that in arriving at the surcharge the court included credit items that were not excepted to. There might have been such inference from

the first decree, but it was corrected by the final decree. Whilst the evidence did not show that the guardian had not paid out the money as claimed by him, it did show that he had failed to exercise that care that was incumbent upon him in seeing that it was appropriated properly, and, as pointed out in the opinion of the learned judge, the allowance finally made to the guardian on account of expenditure for maintenance of his ward was as liberal as the very unsatisfactory evidence warranted. We find no sufficient ground for disturbing this decree.

The decree is affirmed at the costs of the appellant.